Good morning, Your Honor. May it please the Court, Alexander Sierra, pro se. I'd like to reserve one minute for rebuttal, if I may. Can you speak up a little bit? I'm sorry, Your Honor. The issue before this Court is whether the appellee's breach of contract claim against the appellant, myself, was nondestructible pursuant to 11, section 523A6, as it existed in 2001. Under that provision of the Code, debts were not accepted or were not discharged if they were debts for willfully and malicious injury by the debtor to another entity or to the property of another entity. The appellee's basis for upholding the bankruptcy court's decision can be found on page 4 of the opening brief, where the appellee stated, and I quote, while a simple breach of contract may not be the basis for an exception to discharge, absent more, an intentional breach of contract provides the more that is necessary when it is accompanied with knowledge that a person is bound by an agreement and without just cause chooses to ignore it with consequent harm to another party. The appellee relied on In re Rizzo and In re Ciccini for supporting that position. First, the only portion of the appellee's argument that can be found in In re Rizzo is the Court's statement that, and I quote, it is well settled that a simple breach of contract is not the type of injury addressed by 523A6. The Court also said that an intentional breach of contract is accepted from discharge under 523A6 only when it is accompanied by malicious and willful tortious conduct. That leaves only the In re Ciccini case as a basis for supporting the appellee's claim that the fact that a breach of contract was intentional and that is enough to accept the contract claim from discharge. However, this Court clearly held that In re Peclar, and then even more recently in December, on December 14th of 2007 in Ditto v. McCurdy, held that In re Ciccini was abrogated by the 1998 Supreme Court decision of the Geiger case. That's the Ninth Circuit's prior interpretations of 523A6, that it included unintended injuries so long as the acts themselves were deliberate, wrongful, and necessarily caused injury, was no longer applicable. It's not applicable in the case so far. I would submit to the Court that the basis upon which the Bankruptcy Court, and although this Court does not give due deference to the district court's decision, the Ciccini case was a case upon which they relied to find that the contract debt was not dischargeable. But as this Court has made it clear, in order for a debt to be non-dischargeable under 523A6, the willful and malicious exception to the discharge, the debtor must have acted with either the desire to injure or the belief that injury was substantially certain to occur. Well, it seems to me the latter must have been the case. If you knew you didn't pay, then you knew he wasn't going to receive payment. But as the record presented to the Court shows, is that he was in no better position than he would have been had he, or the position that I was taking and the evidence presented was that he was in no better position than had the case pursued on. Oh, no. He was already in a better position. He reached a settlement agreement. I mean, what proposition of law supports the idea that one party to a settlement agreement can decide, oops, that was a bad deal. He wouldn't have won, so I'm not going to honor the agreement anymore. The only basis upon which is that the settlement agreement was based upon the claims of malpractice, the legal malpractice. Well, once the settlement agreement is reached, why does somebody have to enforce the underlying claims? Why can't that person simply enforce the settlement agreement? Well, the defense to the settlement agreement in the State Court action that the appellee had pursued would have been that the agreement upon which I took the position did not need to be performed was that the underlying basis for the agreement. Well, that's exactly right. You have a settlement. Where is it that says ordinary settlement, plaintiff and defendant? What proposition of law says once the settlement agreement has been reached, the plaintiff still has to prove the underlying case in order to enforce the settlement agreement? Well, that may not have been the case, and that may not have been the determination ultimately in the trial court level. But if I may also address that issue with regards to the issues of change of circumstances under the restatement, which may have resulted in the contract not being enforced, as well as presents it to the bankruptcy court, the issue is to the whether or not there was duress involved in the ultimate signing of that agreement. Well, it seems to me you're making the settlement agreement highly problematic. You're suggesting there kind of may be wishes we're going to actually follow through with this, but there's no binding obligation as a result. And isn't a settlement agreement a contract? Well, a settlement agreement is a contract, but there are defenses to the enforcement of a settlement agreement, which we would So you suggest there's a liability of any defense? All you've offered up is the possibility that maybe it wasn't a good deal because maybe he couldn't have proven the underlying claim, but that's not a defense. No, Your Honor. Also, the record does establish that we were taking the position in defending the state court action that the settlement agreement was not enforceable on the issue of changed circumstances under the restatement and also with regards to the issue of whether or not there was undue duress during that time period as I've established in the record. Why doesn't all that hurt your case here? I mean, we're talking about bankruptcy. If you have a simple contract, usually it's going to be discharged in bankruptcy. You have a settlement agreement, and if you said, well, I couldn't perform because I couldn't pay, that's dischargeable. All you're doing now is just saying, I didn't want to pay that. I'm going to willfully breach the contract. So why doesn't that, all of your arguments here, and I agree with Judge Clifton, it seems to be totally irrelevant at this point and perhaps an interrogation of the whole theory of why you have settlements agreements in the first place, but don't your arguments here hurt your case? It shows a willful breach of this contract. Well, no, it shows that every breach of contract has an intentional element to it. That's an element. Well, perhaps, but it's far different in bankruptcy terms. It's far different when you say, I can't pay this contract because I can't afford to. I mean, that's something that's discharged in bankruptcy as opposed to, I don't believe I owe this money, and therefore I'm not going to pay it willfully. Well, there was a contract that existed in the Delvino case, which was between two attorneys for attorneys' fees, which Delvino, the other party to that case, I may or may not know. Well, there's no doubt in this case where you're looking through it that you willfully decided not to honor the contract, right? Well, it was an intentional decision not to pay on that contract based upon the expenses that I stated before. I know, but it's an intentional decision. So the only question is, is it malicious under the bankruptcy code? Remember, the malicious, the next level is whether or not it was also a malicious intent to cause injury. And that is not, that element doesn't exist in this case. This is, as in any case of breach of contract, it's always an element of whether or not it's intentional or not. In the bankruptcy terms, then the determination must be made, was the intent then to cause injury? And no, the intent was, let Mr. Lockerbie then prove his claim and being able to assert the defenses of duress, change of circumstances, another restatement, second of torts, and whether or not his underlying claim. He proves his claim by offering up the contract. Your duress or whatever arguments, those are affirmative defenses, but the burden's on you to establish that. You've got a contract, you've got a settlement agreement. Isn't your understanding as an attorney that a settlement agreement is enforceable? It is a contract, and if you're going to try to defend it against it, the burden's on the party that's trying to set it aside. Yes, Your Honor, and that would have been, that was the basis upon which non-performance of the contract. So the issue in the bankruptcy procedure is. So you decided to take it upon yourself to say, well, I've got a contract, but I'm not going to honor it because I don't think he could succeed in enforcing it, so I'm just not going to pay. As I stated in the testimony that is before this Court and cited in the brief, it was not an overnight decision that this occurred. It was a development of time where I came to realize, and fortunately for my own well-being, did receive the assistance I needed to get over my depression and mental state that existed at that time, which was not disputed and is in this record. Do you want to save a little time for rebuttal? Yes, Your Honor. Thank you. We'll give you a minute. Thank you for your argument. Thank you. Counsel. In my brief, I stated that I thought this was a simple case. Your Honors have already picked up on one of the issues, that it was an intentional act on the part of the debtor to not pay Mr. Lockerbie. It was an intentional act on the part of the debtor to not pay Mr. Lockerbie. It was an intentional act on the part of the debtor to not pay Mr. Lockerbie. Does it also have to be a tort? The case is going to be. Isn't that what Jersich says? Yes. There should be a tort connected. It doesn't have to be. If the conduct is so egregious that it comes close to it. How does the breach of this contract constitute a tort? Well, as Judge Hollowell found from the evidence, the proceeds from those four cases that she, that Mr. Lockerbie and Mr. Sierra agreed to in the settlement agreement to give to Mr. Lockerbie was a pledge. And when he took the money, when the fees came in, and he decided to keep all of that money rather than divvy it up, keeping of those pledged assets under Arizona law was a tort. Did you allege that in bankruptcy court? I did not allege that. Did you allege a conversion? Yes. Actually, there was a 523A2 objection as well, A4. If he was able to reject the contract, aren't you entitled to rejection damages? Yes, but you can't. And wouldn't the measure of damages come from the settlement agreement? You can't reject a non-executory contract, only executory contracts. Well, aren't you entitled to damages from his breach of the contract? Yes. In ordinary, absent of bankruptcy, Had Mr. Lockerbie found out that the fees had been received and not disbursed to him, ostensibly he could have commenced a state court litigation on the settlement contract and sued for damages, $175,000. Help me with something. It looks to me like there are two cases that bear on the issue here, and that is whether it has to be a tort and whether a tort is established here. The one is Jersich and the other is Banks. Have you read them both? Yes, sir. Can you reconcile them? Different factual situations in both of those cases. Jersich seems to clearly require torturous conduct in addition to the breach, doesn't it? It does. And Banks seems to not require that. Banks says that a wrongful act intentionally done, a wrongful act. That's why your initial question to me, I said maybe a tort, maybe not. A wrongful act may not be a tort. It may just be wrongful, short of a tort. And Banks said that a wrongful act intentionally done, which produces harm with the intent to cause harm. Wouldn't that be true in any contract? Not necessarily. As the question on the forget the type of contract that's involved here, but is your theory broad enough to encompass any contract with a debtor that the debtor breaches knowingly and intentionally? No. If I were the judge, I would say no to that. I would say I'd have to listen to the facts that drew out that wrongful breach. I would say I'd have to listen to the facts that drew out that wrongful breach. And there may be some breaches where, you know, I have to buy food or pay my rent. Suppose this was just a simple contract between these two parties with the same terms. Could he breach it? Would it be dischargeable if he breached it? If Mr. Sierra had not decided that he was not going to pay, no matter what. Well, that's generally true of people that are in bankruptcy. They can't pay. That's why they're there. Right? As a bankruptcy lawyer, I don't necessarily agree with that. I think they can't pay, not they won't pay. And can't and won't pay. Why does it make any difference in bankruptcy terms? The fact is they aren't paying, and there's not relief. There's no fault provision in the bankruptcy code. There isn't, and that's why the case law has developed the wrongful aspect. There's no question that all of these monies came in to Mr. Sierra.  And there's no question that it came in. So it wasn't that he wasn't going to pay his mortgage payment or pay Mr. Sierra. He decided, whatever this money comes in, I don't care. I'm not going to pay it because he's not entitled to it. He's a devastatious kind of litigant, threatening me, pushing me around. But what's your court theory? Court theory is that the pledged fees, when he, when Mr. Sierra decided that he wasn't going to give them over, when he received them and kept them for his own use, that that was wrongful? What's the difference between that, for example, and a mortgage or some other security interest that's pledged and then discharged in bankruptcy, or at least the non-secured portion of it? I mean, for example, you take an automobile dealership and maybe you have some, a pledge not to sell certain cars without giving the proceeds over, and you keep the proceeds, that's not uncommon. But it's never, well, it's rarely if I've ever seen it, an exception to discharge. I'm sorry that it's never gotten to the Ninth Circuit, but, Your Honor, if you've pledged assets and you don't turn them over, I would bet that it is under 523A2 or 4, one of those, not 6. It may not be over. You can have a turnover procedure, but it would be pretty rare. I mean, that's just what happens in bankruptcy, it seems to me. At times it does. This is different. This is a case where, irrespective of the need for money in another portion of his business or life, the car dealer decided when he sells these cars he's going to keep them all for himself. He's not going to turn the money over to anybody. That's different from the car dealer sells cars and spends the money trying to keep the car dealership afloat. I think that's the typical situation is the last one. In Gersich, they quote California law. They say to determine whether Gersich conduct was torturous, we look to California state law. Under California law, quote, conduct amounting to a breach of contract becomes torturous only when it also violates an independent duty arising from principles of court law. What's the independent duty here? Independent of the settlement agreement. Well, the settlement agreement creates the right to the place. Not my question. Is there an independent – is there a tort duty that was violated here independent of the agreement? Without the agreement, Judge Hawkins, no. No, there is – the agreement creates it. Well, is Arizona law on that point different than California law? No, but I venture that the settlement agreement gives rise to the rights in the pledged assets which were then converted. And this is different than any other kind of agreement in your client's view? Any agreement that, Your Honor, that has a giving of an asset, a right in an asset, is different from just a regular contract. So if you – two parties have a dispute and they fire the bankruptcy, they come to a settlement. And the party – one party says, I will – I'm expecting three sources of money down the line, A, B, and C, and I will give you 10 percent of A, B, and C as it comes in. And A, B, and C come in after the filing of a bankruptcy petition, and the debtor says, no, I'm not going to perform on the contract. How is that different from this? After the filing of a bankruptcy petition? Well, if the person that had – Or it's an asset of the bankruptcy at the time of the petition being filed. If the person that received the right had properly secured that right, then it would be effective against a trustee or a debtor in possession. You mean in a security sense, where it becomes a secured debt as opposed to a non-secured debt? Where bankruptcy intervenes, yes, Your Honor, that's a major issue. Where there is no bankruptcy intervening, these funds were received prior to filing a bankruptcy. So it's a different issue entirely. At the time he filed, he had control of these funds. No, he had already received them and spent them. It was not on 11, it was on Chapter 7. Okay. Now, you filed a proof of claim in the bankruptcy. Yes, Your Honor, but it was a no-asset case. Can you tell me, because we don't have the entire bankruptcy file in front of us, was this a no-asset Chapter 7? Yes, sir. So there are no distributions that were made to unsecured creditors. Okay. I reserve my 15 seconds. You're the appellee, so that's it. Counsel? Your Honor, in fact, the appellee had filed 523-A-4, and the Bankruptcy Court specifically found that there was no evidence to support that claim or that the debtor's failure to perform under the settlement agreement constituted either larceny or embezzlement. And the Bankruptcy Court did not make any finding that any tortious conduct occurred. The argument made by the appellee is trying to equate this to a secured claim asserted in bankruptcy, but that is not what this claim was, and it was not asserted as such. If I may respond also to this. I just have a sort of collateral question. Has this – have these events been reported to the State Department? Yes, Your Honor. I made a self-report myself. And you reported to them that you'd entered into a settlement agreement with a client. Yes, Your Honor. And under the terms of that settlement agreement, you were required to give your client a portion of proceeds from future cases. Yes, Your Honor. And that you received the proceeds from those cases and refused to comply with the agreement. Yes, Your Honor. And what did they say? I did a self-report to the State Bar. Investigation was conducted, and the end result was a 30-day suspension. And if I may add to that. And that's been served? Yes. And if I may add to the collateral issue, I am no longer practicing law, and I've been practicing law for over five years now. Okay. You're out of time. Thank you. Thank you. Both are your arguments. Case just argued to be submitted for decision. We'll proceed to the next case on the argument calendar, which is Cranmer v. Tyke. McConnick.
judges: Hawkins, Thomas, Clifton